UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL GOMEZ, et al., | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 06-312 (EGS) |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

## DEFENDANTS' ANSWER TO COMPLAINT

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1. Sentence one is Plaintiffs' characterization of the action to which no response is required. If a response is required, then the same is denied. Defendants admit the existence of the statutes named in sentence two, but deny that this Court has jurisdiction thereunder.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that Plaintiff N.G. was born July 21, 1987 and that Woodrow Wilson Senior High School ("Wilson") is a public high school operated by the District of Columbia Public Schools ("DCPS"). Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time.

8. Admitted as to sentence one. Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations at this time.

9. Defendants acknowledge the existence of the January 8, 2003 letter, which speaks for itself. The remaining allegations are Plaintiffs' interpretation of the letter to which no response is required. If a response is required, then the same are denied.

10. Admitted that Dr. Cargo performed a psychological and educational evaluation on N.G. The remaining allegations are Plaintiffs' interpretation of the evaluation to which no response is required. If a response is required, then the same are denied.

11. Defendants lack knowledge and information sufficient to enable them to answer this allegation.

12. Defendants lack knowledge and information sufficient to enable them to answer these allegations at this time.

13. Defendants lack knowledge and information sufficient to enable them to answer these allegations at this time.

14. Admitted that Mr. Gomez and Ms. Correa wrote letters to DCPS in April, 2003. The letters speak for themselves. The remaining allegations are Plaintiffs' interpretation of the letters to which no response is required. If a response is required, then the same are denied. Defendants lack knowledge and information sufficient to enable them to answer the allegation regarding Dr. Robbins.

15. Defendants acknowledge the existence of letters from Mr. Gomez and Dr. Robbins to DCPS. The remaining allegations are Plaintiffs' interpretation of the letters to which no response is required. If a response is required, then the same are denied.

16. Defendants lack knowledge and information sufficient to enable them to answer this allegation.

17. Defendants lack knowledge and information sufficient to enable them to answer these allegations.

18. Defendants lack knowledge and information sufficient to enable them to answer these allegations.

19. Defendants lack knowledge and information sufficient to enable them to answer these allegations.

20. Admitted that N.G. enrolled in Buxton for the 2004-05 school year and completed 11th grade. Defendants lack knowledge and information sufficient to enable them to answer the remaining allegations.

21. Denied.

22. Defendants lack knowledge and information sufficient to enable them to answer the allegation in sentence one. Admitted that DCPS convened a multidisciplinary team ("MDT") meeting on May 16, 2005. The remaining allegations are Plaintiffs' interpretation of what occurred during the meeting to which no response is required. If a response is required, then the same are denied.

23. Sentence one is Plaintiffs' interpretation of what occurred during the meeting to which no response is required. If a response is required, then the same is denied. Sentence two is Plaintiffs' characterization of Defendants' actions to which no response is required. If a response is required, then the same is denied.

24. These allegations are conclusions of the pleader, to which no response is required. If a response is required, then the same are denied.

25. Admitted that Plaintiffs requested a due process hearing on June 30, 2005. This "request for hearing" documents speaks for itself. The remaining allegations are Plaintiffs' interpretation of the document to which no response is required. If a response is required, then the same are denied.

26. Admitted.

27. In answer to this allegation, Defendants incorporate by reference its answers to paragraphs 1-26.

28. These allegations are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

29. These allegations are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

30. In answer to this allegation, Defendants incorporate by reference its answers to paragraphs 1-26.

31. These allegations are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

32. This allegation is a conclusion of the pleader to which no response is required. If a response is required, then the same is denied.

33. These allegations are conclusions of law and/or of the pleader, to which no response is required. If a response is required, then the same are denied.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District
>of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>*/s/ Edward P. Taptich*_____
>EDWARD P. TAPTICH (012914)
>Chief, Equity Section 2
>
>/s/ *Veronica A. Porter*_____
>VERONICA A. PORTER (412273)
>Assistant Attorney General
>441 4th St., N.W., Sixth Floor South
>Washington, D.C. 20001
>(202) 724-6651

**March 27, 2006**