# United States District Court
# for the District of Columbia

| |
|---|
| **NATALIA GOMEZ**, *et al.*, |
| **Plaintiffs** |
| **v.** |
| **CLIFFORD B. JANEY, Superintendent, District of Columbia Public Schools**, *et al.*, |
| **Defendants** |

**Civil Action No. 06-00312 (EGS)**

## REPORT TO THE COURT PURSUANT TO LCvR 16.3

This case is an appeal from a hearing officer determination rendered pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 *et seq.*  The hearing officer found, for various reasons, that plaintiff Natalia Gomez had not been denied a free appropriate public education under either statute. Plaintiffs challenge the hearing officer's findings and conclusions as unsupported by the evidence and/or inconsistent with the governing law.  Defendants contend that the hearing officer ruled correctly.

As required by Fed. R. Civ. P. 26(f), LCvR 16.3(d), and this Court's order of April 12, 2006, the undersigned certify that they conferred by telephone on April 26, 2006 and discussed the matters required pursuant to LCvR 16.3(c).  Their positions with respect to these matters are set forth below.

1.  **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the merits.**

The case is likely to be resolved, at least partially, by dispositive motion.  No dispositive motions have been filed to date.  The parties anticipate little, if any, discovery in this case.

2.    **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties suggest a deadline of 60 days following entry of the scheduling order within which to join parties or amend the pleadings.  At this time, they do not know whether the factual or legal issues can be narrowed, but note that this case will largely turn upon the administrative record, which will define most of the legal and factual issues.

3.    **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties prefer to submit this matter to a judge for decision on the merits.  Defendants do not consent to assignment to a magistrate judge for all purposes.

4.    **Whether there is a realistic possibility of settling the case.**

It is too early to assess settlement possibilities.  Once counsel have had a chance to review the administrative record, settlement discussions may become more of an option.

5.    **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:**

    (i)    **the client's goals in bringing or defending the litigation;**

    (ii)    **whether settlement talks have already occurred and, if so, why they did not produce an agreement;**

    (iii)    **the point during the litigation when ADR would be most appropriate, with special consideration given to:**

        (aa)    **whether ADR should take place after the informal exchange or production through discovery of specific items of information;**

2

**(bb)** whether ADR should take place before or after the judicial resolution of key legal issues;

**(cc)** whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

**(dd)** whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

The Court's ADR procedures will not be fruitful until the administrative record is filed. Defense counsel needs to review that record in order to develop a settlement posture. After the administrative record is available, ADR might be appropriate. Plaintiffs are willing to participate in mediation or neutral case evaluation; it is too early for defendants to evaluate these options.

**6.** **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.**

All parties believe that the case can be at least partially, if not entirely, resolved by dispositive motions. Before motions for summary judgment can be filed, defendants must submit to the Court the administrative record of the proceedings under review. Defendants expect to file that record by May 24, 2006. The parties propose to file summary judgment motions within 45 days after the administrative record is filed, or 45 days after the unsuccessful conclusion of ADR, if the Court orders same but the parties cannot settle the case. In either event, the parties further suggest that oppositions to the motions be filed 30 days after the motions are filed, and that replies to the oppositions be filed 15 days thereafter.

The parties anticipate that the Court will decide the motions as soon as the press of its business permits.

**7.      Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties stipulate to dispense with the initial disclosures.

**8.      The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery, whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Defendants do not expect to conduct any discovery.  At this time, plaintiffs anticipate a potential need to conduct discovery with respect to one issue: Defendants prior acceptance of The Buxton School ("Buxton")–for which funding is sought on behalf of plaintiff Natalia Gomez–as a special education placement.  Plaintiffs alleged in ¶21 of the complaint that defendants have previously funded at least one student at Buxton; defendants have denied this.  *See* Answer, ¶21. Plaintiffs believe that this matter can be resolved with a modest number of requests for admissions, and possibly a few follow-up interrogatories and/or document requests if the Rule 36 requests are denied.

During counsel's Rule 16.3 conference on April 26, 2006, plaintiffs' attorney provided to defense counsel the name of one special education student whom the District of Columbia Public Schools previously funded at Buxton.  It is possible that, with this information, defendants will be able to verify the truth of the allegations in ¶21 of the complaint and amend their answer, thus obviating the need for discovery on this issue.

**9.      Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P, should be modified, and whether and when depositions of experts should occur.**

No modification is requested.

4

10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Bifurcation is not requested.

12.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The parties recommend that the pretrial conference take place 30 days after the Court decides the dispositive motions.

13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties recommend that the trial date be set at the pretrial conference.

14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

A proposed scheduling order accompanies this report.


/s/    *Diana M. Savit*
_____

Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20815
(301) 951-9191
Attorneys for plaintiffs

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

EDWARD P. TAPTICH (012914)
Chief, Equity Section 2


/s/    *Veronica A. Porter*
_____

VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th Street, Sixth Floor South
Washington, D.C.  20001
(202) 724-6651
Attorneys for defendants