nr

94

1   changes at the table.  It is just clarification.

2   But Congress, no, Hearing Officer, you can't do

3   that.

4          But technically, it shouldn't come to us,

5   because those challenges are to be made within 15

6   days after you file the hearing request.  So

7   technically they should be resolved before you get

8   to this stage or it is very clear--we should be

9   able to pick up that hearing request and we know

10  precisely what the issue is.

11         So this isn't punitive.  This is just

12  application of the law as it now exists, with

13  insights to the parent on what the law currently

14  is.

15         MS. SAVIT:  Under case law, statutory

16  enactments are not made retroactive unless Congress

17  specifically makes them retroactive.

18         So the law that attached here was the law

19  that was in effect on the date that the hearing was

20  requested.  Anything that was filed beginning on

21  July 1 came in under the new law.  Anything that

22  was filed before July 1 came in under the old law.

nr

95

1    HEARING OFFICER WOODS:  Okay.  Again, I

2  don't mind you briefing that, if you want to spend

3  the time doing it.  I looked at the law and one of

4  the things that I have determined is that with

5  respect to retroactivity, it is unclear, but this

6  isn't retroactivity.

7    Retroactivity is when the law was passed

8  while your case was pending.  This law was not

9  passed while your case was pending.  The law was

10  passed in December 2004.  Your case was filed on

11  June 30.  The law existed.

12    I agree with you that the law--this is the

13  dispute and I think that can be argued and that is

14  a good case for an appeal, if it is worth it.  You

15  know, we don't think anyone is going to have the

16  time, because by the time they get there, the court

17  --clearly, the law exists, but retroactivity,

18  particularly when a law is six months, and that is

19  what Congress did.

20    It gave the parties six--it didn't say

21  tomorrow.  Although if you look at provisions of

22  the IDEA, it did make them effective on the date of

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

96

1   enactment.  It made them effective.

2            So Congress was very clear.  Now, this in

3   July.  It is very clear in the law.  Certain things

4   went in immediately.

5            This was a six-month kick-in.  What we are

6   trying to do is be fair.  We are not applying all

7   the provisions of the IDEA.  That is why I say you

8   were not asked to go to--because, basically, you

9   couldn't get here without a resolution meeting.

10           I didn't ask them to challenge the hearing

11  --why didn't they challenge the hearing request?

12  Because I can't.  That is goofy.  So I stuck with

13  this.  That is the law right now, and I just added

14  the insights for the parents' information, not

15  holding you to that insight.

16           And now I was even helping you further

17  with I don't want to dismiss, because I didn't want

18  to put you in that hopper.  I said I could go

19  ahead, but now they are going to object to that;

20  that instead of dismissing the case, why not

21  continue the case and allow you to amend the case,

22  because if I don't and it is dismissed, you clearly

nr

97

1  would be under the IDEIA.

2       MS. SAVIT:  Right, obviously.  Either the

3  new law applies, which we don't think it does, but

4  if it does, then all provisions of the new law

5  should apply, including the fact that the

6  District's opposition challenge is untimely.

7       If the old law applies, the new rules on

8  that issue are not bound by the new requirement,

9  the new prohibition on amendments.

10      Therefore, the obvious solution is to

11 amend this and reschedule the hearing.

12      HEARING OFFICER WOODS:  But, see, here is

13 what happens, I think, to me.  When you put it in

14 my hands, I tried not to put it in my hands.  I

15 said option B may not work when you put it in my

16 hands.

17      You are actually telling me how to rule

18 and how to order.

19      MS. SAVIT:  No.  I said we believe it was

20 adequate, but if you felt it was not, then we would

21 ask for leave to amend it.

22      HEARING OFFICER WOODS:  But you don't get

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

98

1  option--that is why my comment was you don't get

2  option B if you leave it with me.

3        One of the things I tried to do was to

4  leave it in you all's hands.

5        MS. SAVIT:  That is impossible.

6        HEARING OFFICER WOODS:  I know it is hard

7  for you two to talk, but--because at this point

8  now, if you put it in my hands, I have got to

9  follow the law.

10        Now, here is where I am, and I want the

11  parents to be clear.  If I indulge you too much

12  with the new law, I am sorry, but that is not what

13  I am acting under.  I am acting under the law as it

14  existed at the time that you filed the hearing

15  request.

16        And would you agree, Ms. Savit, that

17  Section 305(c)(4), that I read, existed at the time

18  you filed your hearing request?

19        MS. SAVIT:  That was what the law is,

20  there is no question.  I don't agree with the--that

21  is clearly there.

22        HEARING OFFICER WOODS:  I just want to

nr

99

1   make sure it is clear that I didn't apply new law

2   in making my ruling.  That is the law.  I just

3   added to it how important that is to Congress,

4   based on how it modified the new law.

5          Now, let's move to the practical side of

6   the case, and I understand there has been

7   difficulty talking with the attorneys, but Ms.

8   Savit is saying could this case simply be amended

9   and we reset it for another--the hearing request be

10  amended and we reset it for another day, as opposed

11  to her having to start over.

12         MS. RIVERA:  No.  She has to start over.

13  And it is not even--I mean, the child is receiving

14  whatever educational benefit they are getting from

15  whatever school.  They waited two years to come in

16  here and seek reimbursement.

17         Her starting over for a few more days or

18  another month or two is not going to educationally

19  harm this child.  No.  She has to start over.  I

20  have a client to represent.  It is not personal.

21  They have to start over.

22         HEARING OFFICER WOODS:  Is there an injury

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

100

1   that would come to the child if you had to start

2   over, Ms. Savit?

3         MS. SAVIT:  Well, she is going to have

4   delay.  And it is not correct that they waited two

5   years to come in.  They requested services in 2003.

6   They came back for services, having not received

7   them in 2003, in 2004.

8         We are here in September of 2005, because

9   that is how long the process took, including

10  continuances of the hearing date.

11        She is entitled to get her rights

12  adjudicated.

13        MS. RIVERA:  They could have filed in

14  2003, Hearing Officer.  It doesn't take two years

15  to get a hearing date.  They could have filed in

16  2003 and the continuance wasn't on my part, wasn't

17  on DCPS' part.

18        MS. SAVIT:  Yes, it was.  You made the

19  first request for a continuance.

20        MS. RIVERA:  Didn't you call--was it--it

21  was during my vacation.

22        MS. SAVIT:  You asked for a continuance

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

101

1   based on your vacation and didn't serve me with a

2   copy of the motion. I didn't even know. It was a

3   bad thing for us, but it was actually continued on

4   your motion.

5        MS. RIVERA: Yeah. But you were

6   requesting a continuance, as well; is that correct?

7        MS. SAVIT: No. I said I actually believe

8   that--

9        MS. RIVERA: Because you had an

10   unavailable witness.

11       MS. SAVIT: No. I did not request a

12   continuance. I asked to--

13       MS. RIVERA: Or you were about to.

14       MS. SAVIT: --start the hearing. I

15   notified the hearing office that we would probably

16   have to leave the hearing open because I had an

17   unavailable witness.

18       Then I found out that you had requested a

19   continuance.

20       MS. RIVERA: Okay. The point is, 2003 to

21   2005, they could have requested it. It is not an

22   emergency on DCPS' part, when you could have filed

nr

102

1  a hearing request in 2003.

2          HEARING OFFICER WOODS:  But here is where

3  she is now.

4          MS. RIVERA:  Hearing Officer, again, I

5  have a client to represent.  It is not in my

6  client's best interest to push this forward.  It

7  was dismissed because they did not follow the regs.

8          I am not going to give them a second bite

9  or chance at the apple.  They have to re-file.

10         HEARING OFFICER WOODS:  Any arguments

11 against that?

12         MS. SAVIT:  Well, the Hearing Officers

13 always have discretion and there is no provision,

14 certainly, under the law that attached on the day

15 this hearing was filed that says that you cannot

16 simply let us amend it and come back.  There just

17 isn't.

18         HEARING OFFICER WOODS:  You don't have to

19 answer that, but why not make that choice before?

20 I mean, that is why I gave you that opportunity.

21 It would have been easier.  This is the dilemma I

22 knew I would be in.

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

103

1          MS. SAVIT:  Well, I am not sure what else

2   we--I mean, I said to you--

3          HEARING OFFICER WOODS:  You don't have to

4   answer that, but I am just simply saying all

5   attorneys try to keep the cases in their hands.

6   When you put it with the judge, you roll the dice.

7          Let me do this.  I like to be fair to both

8   parties.  Where is my discretion?  Cite me an

9   authority under which I have this discretion?  I

10  like to exercise discretion, if I have it.

11         MS. SAVIT:  People who are in the role of

12  decision-makers, judges, judicial positions, such

13  as hearing officers in the District, and

14  administrative law judges, always have discretion

15  to control the conduct of a case and this issue is,

16  to the best of my knowledge, not addressed one way

17  or the other in either the law and the regs.

18         There is a regulation about what the

19  notice is supposed to contain, but there is no

20  regulation about what the remedy is if you find the

21  notice is not adequate.  So that puts it in your

22  hands about what the remedy is, and the remedy of

nr

104

1   starting over and waiting for a hearing for months

2   is excessive for something where, regardless of

3   what the position is, it has been framed.

4          They are clearly aware of what is going

5   on.  We will re-draft the notice.  There is no

6   problem with going forward in this way.

7          HEARING OFFICER WOODS:  Is that right that

8   there is no limitation on the relief that I could

9   provide, once I have determined that the hearing

10  request was inadequate?

11         MS. RIVERA:  Hearing Officer, you made a

12  decision and stated, through your words, that you

13  had no discretion; that it was the law, that you

14  had no discretion in this matter and that you had

15  to dismiss the case.

16         So I am confused right now.

17         HEARING OFFICER WOODS:  Her position

18  is--that is true with regard to whether the

19  substance of it complied with 507, but she is

20  saying--she is moving to now, in dismissing the

21  case--for example, I didn't say with prejudice,

22  without prejudice or anything.

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

105

1          Can I--she is saying you have the

2     discretion to now say don't dismiss, the hearing

3     request can be amended, because there is nothing

4     that bars me from saying that.  Is she right?

5          MS. RIVERA:  No.

6          HEARING OFFICER WOODS:  Where is the law

7     that would preclude that then?

8          MS. RIVERA:  If the case is dismissed, you

9     can't amend it.

10          HEARING OFFICER WOODS:  The hearing

11     request.

12          MS. RIVERA:  If the hearing request--the

13     hearing request is dismissed.  So they need to

14     re-file with correct facts.

15          HEARING OFFICER WOODS:  She is going to

16     re-file it.  That is right.

17          MS. RIVERA:  I don't have anything to do

18     with it after that.  The Hearing Officer will

19     schedule--I mean--

20          HEARING OFFICER WOODS:  Well, let's take

21     it out of amending the hearing request, because I

22     think we all agree to that.  Instead of putting her

nr

106

1   back in the hopper, can we just pick another

2   hearing date, in light of the fact they are going

3   to file another hearing request?

4          MS. RIVERA:  No, because I don't have

5   control of my schedule.  I am between--I don't have

6   control of my schedule.  So the Student Hearing

7   Office scheduled me and superior court schedules

8   me.

9          I don't have the luxury of being able to

10  accommodate her and give her a new date.  I just

11  don't.

12         HEARING OFFICER WOODS:  We can go find out

13  when the Hearing Office--

14         MS. RIVERA:  Again, I should--Hearing

15  Officer.

16         HEARING OFFICER WOODS:  I understand the

17  argument, but I want to be fair to everybody.

18         MS. RIVERA:  And I understand that and I

19  am being fair, that I have a client to represent.

20         HEARING OFFICER WOODS:  I understand.

21         MS. RIVERA:  This child is receiving

22  educational benefit at this moment.  There is no

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

107

1   dire need right now.  She can go back into--she can

2   re-file and they will hold a resolution meeting

3   with her.

4        I mean, there is not like there is not a

5   remedy that could be reached in the next 15 days

6   after she files.  I don't see a justification for

7   us giving her the luxury of going back in and

8   readjusting my schedule to accommodate them.

9        HEARING OFFICER WOODS:  You are not.

10       MS. RIVERA:  And I may not even be the

11  hearing--I may not even--this is not--this--of

12  course, you know that I am the attorney advisor for

13  wards, children who are in foster care.

14       This kid is--we filed--this kid is not a

15  foster kid.  So it is not even going to go back to

16  me.  It is going to go to another attorney advisor.

17  Somehow I got this by accident.

18       So, no, I don't--no.  I can't accommodate.

19  It is not a ward case.

20       HEARING OFFICER WOODS:  How about her

21  argument, though, that there is nothing that bars

22  me from continuing this case and allowing her to

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

108

1  amend the request?

2          MS. RIVERA:  To amend as opposed to

3  re-filing it.  That is the issue.

4          HEARING OFFICER WOODS:  Yes.

5          MS. RIVERA:  All right.  I would ask that

6  we be allowed to brief it.  I don't have that,

7  right off the top of my head.  You are asking me--I

8  don't have an answer to that.  I would like to be

9  able to brief that or at least respond to that.

10          I can't abracadabra and I didn't know it

11  was going to--I can't do that right now.

12          MS. SAVIT:  There have been a lot of

13  questions that have been posed over the course of

14  this afternoon to which people have had to respond

15  based on their understanding of the law and I think

16  this is--this is not an ultimate merits question.

17          This is simply how can we move this along.

18  We are going to do something with the notice, you

19  have ruled.  So the question becomes what is the

20  most expeditious way to get back into a hearing,

21  and my position would be that the most expeditious

22  way is we will amend this.

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

109

 1            We will get a new date.  The Hearing

 2   Office will schedule a date when they get the

 3   amended notice.  But it should move as quickly as

 4   possible.

 5            Obviously, it is going to have to be on a

 6   date when people are available.  But DCPS has some

 7   obligation to staff adequately so that it can

 8   schedule hearings in a reasonable matter of time.

 9   I know that that is one of the issues in the

10   Blackman case that is before Judge Freeman.

11            MS. RIVERA:  And that is not my--

12            MS. SAVIT:  There is concern that one of

13   the continuing problems with meeting the

14   requirement under the IDEA for timely hearing

15   decisions is that there isn't adequate staff to

16   meet the number of hearing requests and, therefore,

17   they get pushed out.  It is a real problem with the

18   District.

19            It cannot be used to defeat a student's

20   interest, very legitimate interest in getting a

21   decision.

22            MS. RIVERA:  Hearing Officer, the Blackman

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

110

1   Jones getting scheduled timely is not an issue when

2   you file your hearing request correctly in the

3   first place.

4           She is asking me or asking DCPS to

5   accommodate her because she didn't do her job right

6   in the first place.

7           This student is receiving educational

8   benefit.  There is no emergency here.  Counsel

9   should--knows the law, she is required to know the

10  law, and she is required to comply.

11          She did not, and now you are asking me and

12  my client to accommodate her.  We object.  File it.

13  Get in the hopper like everybody else who filed

14  correctly, and DCPS will proceed.

15          She will get a resolution meeting in 15

16  days.  They may resolve the issue.

17          HEARING OFFICER WOODS:  You did indicate

18  you were going to file and you would just allow the

19  Student Hearing Office to pick the next available

20  date.

21          MS. SAVIT:  Well, obviously, they can't

22  schedule it until they get the amendment.

nr

111

1          HEARING OFFICER WOODS:  Right.

2          MS. SAVIT:  We could pick a new date today

3    and we could set a deadline for amending and we

4    could pick a new date today, or we could amend it

5    and they will schedule it.

6          The issue really is do we keep this matter

7    going.  Do you dismiss it with leave to amend, so

8    that this matter remains pending, or do we have to

9    re-file, which is going to put our decision

10   probably three to four months out?

11         HEARING OFFICER WOODS:  Right.

12         MS. SAVIT:  And we would submit that the

13   appropriate way to go here is to go the first

14   option.

15         HEARING OFFICER WOODS:  And I think that

16   is what I understood she is asking for.  She knows

17   she is coming back later, but she is just simply

18   saying do they have to start over again, and I

19   understand, if you want to stick with that

20   position, I certainly--I am not saying that you

21   shouldn't.

22         I am just saying I wanted you to

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

112

1   understand her position.

2

3        MS. RIVERA:  I understand her position.

4        HEARING OFFICER WOODS:  Okay.

5        MS. RIVERA:  I mean, as the attorney

6   advisor, again, I am not even going to be the

7   attorney advisor handling this.  It has got to go

8   back through the process so that everybody gets the

9   right and adequate notice.

10       When we do this leave to amend and all

11  this other stuff, it gets lost in the cracks and

12  DCPS is sitting here with a hearing they didn't get

13  proper notice of, when, had it gone back through

14  the proper procedures, we wouldn't have that

15  argument.

16       HEARING OFFICER WOODS:  Or if DCPS would

17  just--if you considered their argument, because you

18  would have agreed--

19       MS. RIVERA:  Hearing Officer--

20       HEARING OFFICER WOODS:  I understand you

21  don't have to, but I am just saying that is another

22  way.

nr

113

1    The Hearing Officer will dismiss the case

2    with leave to amend and the Hearing Officer

3    believes that that would be in the best interest of

4    the child.  Good cause exists that this hearing

5    needs to proceed, at least on the information that

6    the Hearing Officer has heard to date.

7    This claim dates back to school year

8    '02-03, and, therefore, the Hearing Officer would

9    prefer that the parent not suffer any delay further

10   in this regard in terms of having their hearing,

11   not on the merits.

12   You can disagree with the merits of their

13   case, but the parent has a right to the hearing,

14   and that is what the Hearing Officer has to

15   protect.

16   What the Hearing Officer could do, and I

17   will leave it to you all, would you prefer just

18   having an order with leave to amend and the next

19   available date or would you want a date?

20   MS. SAVIT:  Well, ideally, we pick a date

21   today.

22   MS. RIVERA:  We are absolutely opposing.

nr

114

1    I have witnesses from the care center. I mean,

2    there are a lot of--a lot of specialists will be

3    involved. I cannot give them a date right now,

4    Hearing Officer.

5         It is unfair when I am not able to talk to

6    my client and the many parties that need to be

7    here, plus the new attorney advisor.

8         HEARING OFFICER WOODS: Okay. How much

9    time do we need to agree on the date? I will leave

10   the record open to agree on a date that is

11   convenient for the parties. You can take whatever

12   time you--

13        MS. SAVIT: Well, we actually looked at

14   our calendars and we have very limited availability

15   in October. So I think, realistically, we are

16   probably looking at November anyway for a new

17   hearing date, and I would get the amendment in

18   probably later on next week, so that we give plenty

19   of notice.

20        MS. RIVERA: That is fine. I mean, why

21   are we being held--I can't believe I am being held

22   hostage in here all this time.

nr

115

1          HEARING OFFICER WOODS:  Because the parent

2    ha a right to a hearing.

3          MS. RIVERA:  She does, Hearing Officer,

4    but I don't understand that the Hearing

5    Officer--then she goes and files and the Hearing

6    Office gives her a hearing.  But now she tells us

7    she is not even available til November.  We could

8    have resolved it.

9          MS. SAVIT:  We do have dates in October.

10          HEARING OFFICER WOODS:  I would just say

11    the parents have a right to a hearing.

12          MS. SAVIT:  But it is limited and knowing

13    that DCPS often has trouble making people

14    available, I am assuming that it may be--it may not

15    be til November til we can find a mutually

16    agreeable date.

17          But that is still much sooner, it is

18    already September 14, that is much, much sooner

19    than starting all over again, and our preference,

20    as I said, would be simply to keep this case.

21          So what we would like to see in the order

22    would be dismissed with leave to amend, that the

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

116

1  case basically will be reinstated upon the filing

2  of an amended hearing request, and ideally with a

3  date, but at least with direction to the Student

4  Hearing Office to expedite the proceedings.

5           MS. RIVERA:  For the record, DCPS

6  disagrees with that, because, again, them filing

7  new, there is a very strong possibility that they

8  could resolve this within 15 days, according to the

9  new law, the resolution meeting, and I think the

10 Hearing Officer has done them a disservice by not

11 at least allowing them that shot.

12          I mean, they could get resolution, a

13 possible chance at resolution within 15 days as

14 opposed to having to wait until October, November,

15 or whenever we can convene and get a new one.

16          HEARING OFFICER WOODS:  Of course, nothing

17 stops you from talking to them anyway.

18          MS. SAVIT:  There is nothing--that is

19 right.  Nothing stops overtures and based on

20 today's performance, I don't think a resolution

21 session would be appropriate.

22          MS. RIVERA:  That is with--but there is a

nr

117

1   difference between DCPS counsel and OSC.  OSC may

2   have a different--the client may have a different

3   position at a resolution meeting and sitting down

4   and talking parent to special education.

5        I have marching orders.  So there is a

6   reason why you are not getting any resolution out

7   of me, because I was told to defend this case.

8        MS. SAVIT:  I presume by your client.

9        MS. RIVERA:  Yeah.  But they are different

10  when it comes to resolution meeting.

11       HEARING OFFICER WOODS:  So dismiss with

12  leave to amend, with the next available date in

13  November is what you are thinking, or would you all

14  like to pick a date?  I don't have any problems one

15  way.  I just don't want to jam anybody with picking

16  a date if you are not ready for it.

17       MS. SAVIT:  We discussed, among other

18  things, date on which--

19       HEARING OFFICER WOODS:  But DCPS is going

20  to say that they didn't.

21       MS. SAVIT:  Right.  They are going to

22  object.  And I do--and, obviously, they are

118

1  entitled to a certain amount of time to read the

2  new notice and I am not allowed to deny them that.

3          We can come back as.early as October 7.

4  We could do it on the 17th, the 31st.  Well, those

5  are dates in October, October 7, 17 and 31, and the

6  24th, any of which are days on which we could be

7  available.

8          Beginning in November, the entire first

9  week of November.  The second week in November is

10 fine, except the 10th and the 11th, which, of

11 course, is Veteran's Day.

12         HEARING OFFICER WOODS:  What I could do is

13 put those proposed dates in.  How about a time

14 period for when a mutual agreement will be made as

15 to which would be selected?

16         MS. RIVERA:  I can't--I may not even be

17 the attorney.

18         HEARING OFFICER WOODS:  Then I am going to

19 order that if there is no mutual agreement, I am

20 going to set the date that you all gave me.  I will

21 try my best, but we have got to get--this is

22 comedy.  These isn't about just--I am trying to be

nr

119

1  fair to everybody.

2          If you are not going to put a process

3  together to make this thing work, then I will make

4  it work.

5          MS. RIVERA:  But you are asking me to

6  schedule a date.  There are other parents--

7          HEARING OFFICER WOODS:  No, no.  I didn't

8  ask you to schedule a date.  I asked you to pick a

9  time period in which you could agree on a date.

10          MS. RIVERA:  I have a client and also

11  other due process hearings.  I cannot do that,

12  sitting here with no calendar.

13          HEARING OFFICER WOODS:  How much time

14  would you--you are not going to do it today.

15          MS. RIVERA:  What?  Do what today?

16          HEARING OFFICER WOODS:  Be sure you are

17  clear on what I am asking.  What I am saying is I

18  would put in an order, case was dismissed with

19  leave to amend, and the case will be continued at

20  one of these dates, and put in the dates that I

21  have just been provided and then put in another

22  provision that the parties will mutually agree by a

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

120

1  specific date certain which of those dates would

2  work and that then would be the date of the new

3  hearing.

4        So I am not saying agree today, but a

5  process for agreeing, because I understand you

6  couldn't do it at the table today.

7        But if you are not going to give me

8  anything, I am not going to just let the case

9  suspend in the air.

10       MS. RIVERA:  Let the Student Hearing

11 Officer schedule it like they do all other cases.

12       HEARING OFFICER WOODS:  So you don't want

13 to have a time period.  Then what time period would

14 you have that you could sort of nail down which of

15 those could--why don't you all think about it.

16       MS. SAVIT:  As I said, we have some--three

17 dates in October and then it looks like the first

18 two weeks in November.

19       HEARING OFFICER WOODS:  So those work.

20       MS. SAVIT:  Those work for all of us, for

21 Dr. Robbins, and I believe, based on my

22 conversations with the other witnesses, because

nr

121

1   they will be testifying essentially from their

2   offices, that they can make themselves available.

3           HEARING OFFICER WOODS:  Then what I will

4   do is I will put in a provision of when this mutual

5   agreement will be made and if not, I will select

6   the date.  That way--because, again, I don't want

7   the case to get lost and we have a responsibility

8   to keep the thing on the docket.  If we are going

9   to put it on the docket, then it has to be

10  scheduled.

11          We can't just say, okay, whenever.

12          MS. RIVERA:  I am not saying that.  They

13  need to re-file.

14          HEARING OFFICER WOODS:  No.  We have

15  already dealt with that issue.

16          MS. RIVERA:  You are asking me to

17  accommodate them and I am--

18          HEARING OFFICER WOODS:  No.  I am asking

19  you to move on based on the rulings.

20          MS. RIVERA:  Well, I can't give you a

21  date.

22          HEARING OFFICER WOODS:  Okay.  Then that

nr

122

1  will be the process, that one of these dates that

2  you selected will likely be the date, unless there

3  is mutual agreement otherwise.

4       MS. SAVIT:  Thank you.  So we will

5  basically assume that we will probably work it one

6  of the first two weeks of November.  You have the

7  October dates.

8       HEARING OFFICER WOODS:  I will just check

9  with the Student Hearing Office on what these dates

10 --which one would be available and I will let you

11 know that in the order, it can be this date.

12      Also, how much time?

13      MS. SAVIT:  Well, we may have--

14      HEARING OFFICER WOODS:  A whole day?

15      MS. SAVIT:  We have at least a half a day.

16 I would say we are looking at a minimum of a day.

17      HEARING OFFICER WOODS:  Is that right?

18      MS. RIVERA:  I would disagree with that.

19 I don't know.  You know, our case, we [off

20 microphone].

21      HEARING OFFICER WOODS:  I will set it for

22 a day.  I apologize that you are a little

nr

123

1  frustrated, but, you know, you have got to stay

2  with us in the hearing.  It is not over yet.

3          MS. RIVERA:  I am here.

4          HEARING OFFICER WOODS:  I mean--no, no.

5          MS. RIVERA:  I mean, because I won't agree

6  to giving them a date?

7          HEARING OFFICER WOODS:  No, no, no.  Yes.

8          MS. RIVERA:  [Off microphone.]  DCPS

9  should not have to sit here and get browbeat about

10  picking a date when the parent apparently did it

11  wrong.  It should go back into the--

12          HEARING OFFICER WOODS:  I already ruled on

13  that.

14          MS. RIVERA:  That is fine.  But for you to

15  sit here and make me--for you to sit here and force

16  me to pick a date, when you know that I already

17  have--I am booked already to the hilt with other

18  parents who did it the correct way and I have due

19  process.

20          The student is receiving educational

21  benefit.  I mean, I don't understand why I have to

22  sit here and pick a date.

nr

124

1          HEARING OFFICER WOODS:  Because the

2   Hearing Officer asked.  It is not really a--

3          MS. RIVERA:  And you are not going to

4   change my mind about not being unfair.  It is

5   unfair.

6          HEARING OFFICER WOODS:  It may be unfair,

7   but--

8          MS. RIVERA:  It is totally unfair, just to

9   the other parents.

10          HEARING OFFICER WOODS:  Let me--no, no,

11   no.  We are not going to conflict with any other

12   parents' hearings.

13          MS. RIVERA:  How do we know that?

14          HEARING OFFICER WOODS:  Because we are

15   going to pick a date that is available.

16          MS. RIVERA:  But I have been sitting here

17   for the last hour and we have allowed them to go

18   through and to sit here and pick the dates and

19   times that they want and et cetera, like DCPS

20   doesn't have a schedule and we are not already

21   fully booked.

22          HEARING OFFICER WOODS:  We asked you to

nr

125

1    participate and you said you wouldn't.

2            MS. RIVERA:  Participate in what?

3            HEARING OFFICER WOODS:  Picking dates and

4    times.

5            MS. RIVERA:  I am sitting here.  I have

6    been sitting here participating for the last hour.

7    You wanted me to go outside and resolve this issue

8    with them and pick a date for her to amend.  You

9    should have just ordered that two hours ago.

10           HEARING OFFICER WOODS:  Okay.  I am at a

11   loss.  If I am unclear, I apologize, that if you

12   felt that you were being asked to pick a date

13   without an understanding as to why.  It was

14   basically picking a date based on the ruling that I

15   had made and that is what I am saying.

16           Because we have moved on in the case and

17   because we have moved on, the expectation was that

18   everyone would move on.

19           MS. RIVERA:  That is fine.  Again, I

20   am--again, I won't even be the attorney advisor

21   handling this.  So I have to take it upstairs and

22   let them know and whatever they decide or you all

nr

126

1  decide will go to the new attorney advisor that is

2  handling this case.

3          HEARING OFFICER WOODS:   Okay.  The case is

4  submitted and I will have the order for you within

5  ten days of the hearing date.

6          MS. SAVIT:   Thank you very much.

7          [Whereupon, the hearing was concluded.]

8                          -  -  -

nr

T7305

1

GOVERNMENT OF THE DISTRICT OF COLUMBIA

DEPARTMENT OF PUBLIC SCHOOLS

OFFICE OF STUDENT HEARINGS

```
- - - - - - - - - - - - x
                        :
In the Matter of:       :
                        :
N████ G████            :
                        :
- - - - - - - - - - - - x
```

Washington, D.C.

November 28, 2005

The above-entitled matter came on for hearing, pursuant to notice.

BEFORE:

DAVID SMITH, Hearing Officer

APPEARANCES:

On Behalf of the Student/Parent:

DIANA SAVIT, ESQ.

On Behalf of D.C. Public Schools:

NO APPEARANCE

[TRANSCRIPT PREPARED FROM A TAPE RECORDING.]

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

2

1          P R O C E E D I N G S

2          HEARING OFFICER SMITH:  Good morning.  My

3   name is David Smith.  I am a Hearing Officer for the

4   District  of  Columbia  Schools,  and  I  am  here

5   with--anyway, I will have everyone state their name

6   for  the  record,  but  regarding  N████  G████  v.

7   District of Columbia Public Schools.

8          Today is November 28, 2005.  Again, I am going to

9   have the parties--well, let me do that now.  I want

10  everyone to state their name for the record and I

11  will get a sign-in sheet.

12          MS. SAVIT:  Diana Savit, attorney for the

13  family.

14          MS. CORREA:  Sylvia Correa, mother of N████

15  G████.

16          MR. GOMEZ:  Manuel Gomez.  I am the father

17  of N████ G████.

18          MS. GARCIA:  Loretta Garcia, co-counsel for

19  N████ G████.

20          HEARING OFFICER SMITH:  Let me kind of

21  summarize where we are.  This case, as I understand

22  it, was before Mr. Woods as the Hearing Officer in

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

3

1    September.  A hearing was held on September 14.  The

2    decision    was    issued    September    16,    2005,    that

3    dismissed    the    case    subject    to    being--dismissal

4    without prejudice, with leave to amend, in which case

5    a  new  hearing  request  was,  in  fact,  filed  for  the

6    student.

7         Since  then,  there  has  been--let  me  just

8    state--counsel, you can state it however you want to

9    state it--trying to schedule a date.  There have been

10    some  continuances  and  so  forth.

11         Counsel  and  the  parents  are  here  today  based

12    on  an  interim  order  that  I  issued  on  November  15,

13    2005,  that  set  the  date  for  the  hearing  as  November

14    28,  2005  at  11:00  a.m.,  which  is  today.

15         Apparently,  this  interim  order  didn't  make

16    it  to  the  scheduling  calendar  and  the  Office  of

17    General    Counsel    Attorney    Advisor,    Ms.    Quinne

18    Harris-Lindsey, is out of town and has informed the

19    Student  Hearing  Office  that  she  did  not  believe  the

20    hearing  was  going  to  go  forward  today.

21         So   what   I   have   is   the   attorney   for   the

22    parent    and    the    parents    here    and    witnesses    were

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

4

1    available by telephone to testify, but because DCPS

2    is not prepared and, in fact, noone is in this room

3    representing the Office of General Counsel, it is my

4    decision that the hearing should not go forward

5    today, but at the same time, in trying to expedite

6    another date that is convenient for the parties.

7        One of the things that apparently there is

8    no objection to is that instead of Mr. Woods

9    continuing with the case, I will continue with the

10   case.    And since there has been a problem with

11   scheduling of witnesses, I have informed counsel that

12   I will accept affidavits of the witnesses.  Those who

13   cannot be here, I will accept their affidavits, so

14   long as they are provided in sufficient time to

15   Office of General Counsel so that they can review.

16       However, at the same time, I want to have a

17   preliminary hearing between the counsel tentatively

18   set for 3:00 p.m. on Friday, December 2, to discuss

19   the case, status of the case and any other procedural

20   issues that the attorneys may have, including the

21   scheduling.

22       This case was requested to be an all day

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

5

1    hearing.  However, when counsel spoke with Mr. Woods,

2    it apparently was agreed that the case could be

3    bifurcated and held over several different dates and

4    times.

5           So that still may be the case, but,

6    hopefully, with the affidavits, maybe that might

7    avoid the need to do that.

8           But in any event, I am available December 9,

9    11:00 and 1:00.  I have given that date to counsel

10   and apparently that date is not a problem with

11   counsel.  In fact, that date was the date that

12   counsel suggested, to at least get the case initiated

13   and then if we need more time, then we can do that.

14          One of the problems is that due to

15   scheduling and trying to do something today, many of

16   the witnesses and counsel will not be available til

17   the end of January, and in view of the fact that the

18   hearing request was filed when it was filed, I think

19   it is in everyone's best interest to try to get this

20   matter over with as soon as possible.

21          That is all I have as kind of an opening

22   summary.  Counsel, state whatever it is you want to

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

6

1 state for the record.

2 MS. SAVIT: Thank you. That is a very

3 accurate description of the discussions that we have

4 had.

5 I would like to place on the record

6 N█████████ and her parents' objection to postponing

7 this hearing yet again and state our reasons for that

8 objection.

9 This matter was first filed with a due

10 process hearing request on June 30, 2004, which means

11 that N█████████ was entitled, under the law then in

12 effect, to a determination no later than 45 days

13 later or, roughly, August 15.

14 The Hearing Office did not schedule a timely

15 hearing. We received an interim hearing notice

16 setting the case for August 12, which was, obviously,

17 not soon enough to comply with the statutory

18 requirement of a 45-day decision.

19 DCPS then requested a continuance of that

20 date, which was granted. We had one witness who was

21 not available on that date, but we were prepared to

22 go forward on August 12 with as many witnesses as

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666

nr                                                                  7

1    were available.

2            DCPS' request for continuance was granted.

3    The matter was then continued to August 31, 2005,

4    which, as it turned out, was not a convenient date

5    for us, and we requested a further continuance, and

6    the matter was ultimately set for a hearing on

7    September 14.

8            And I would add to that that N████████ has six

9    witnesses to call in this case, one of whom is her

10   therapist, who has to disrupt her practice in order

11   appear.    Three of the witnesses are teachers and

12   administrators at the schools she has attended, who

13   have to essentially sit by their phones waiting for

14   a call in order to testify and who are taking a lot

15   of time out of their busy schedules.

16           So every time this matter does not go

17   forward as scheduled, it is tremendously disruptive

18   to people who are not parties and who are very

19   generously donating their time to this matter.

20           We appeared for the hearing on September 14.

21   At that time, DCPS raised a number of procedural

22   objections,   one   of   which   was   accepted   by   the

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr                                                                    8

1   Presiding Hearing Officer.    He dismissed the due

2   process complaint without prejudice and with leave to

3   amend.

4              The amendment was filed on September 20,

5   which, because we were still proceeding under the

6   1997 version of IDEA, also included suggested hearing

7   dates that we were requesting.

8              We suggested three dates, all of which had

9   been cleared with all of our witnesses.   Those dates

10  were October 17, October 24, and November 4.   DCPS,

11  however, scheduled the hearing for November 7, which

12  was not a date we requested, although it had been

13  discussed    earlier    with    the    Hearing    Officer's

14  potential date.

15             But by the time we filed the amended due

16  process complaint on September 20, we knew that that

17  was no longer a good date and we did not request it.

18  Nevertheless, DCPS selected November 7 and scheduled

19  the hearing for November 7.

20             We, therefore, had to, once again, request

21  a postponement, because witnesses and counsel were

22  not available on November 7.   Another round of phone

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.   20003-2802
(202) 546-6666

nr

9

1    calls was made to all the witnesses. We were able to

2    ascertain that November 28 and December 5 were the

3    only days prior to New Year's when all of the

4    witnesses we wanted to call would be available and,

5    therefore, I requested a continuance to either

6    November 28 or December 5, and we were to accommodate

7    what I understood to be the Hearing Officer's

8    preference to hold the hearing all in one day.

9         I was informed on the morning of November 7,

10   which was when the hearing was supposed to go

11   forward, that the request for a continuance had been

12   granted, but that no new date had been set, because

13   Ms. Harris-Lindsey, who was taking over the case, was

14   not available on either of the dates that we had

15   suggested, and the Hearing Office offered to and did

16   schedule a conference call with Hearing Officer

17   Woods, Ms. Harris-Lindsey, and myself, on November 8

18   to discuss a date.

19        Ms. Harris-Lindsey was not available on

20   November 8 and I spoke with Mr. Woods, who called me

21   at the scheduled time of the conference call, and we

22   discussed the fact that we would not be able, unless

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C. 20003-2802
(202) 546-6666

nr                                                                    10

1    we adhere to the November 28 or December 5 dates that

2    we had proposed, to do the hearing all in one day.

3          Mr. Woods indicated that he was amenable to

4    bifurcating the hearing, beginning it on one day and

5    continuing it another, to accommodate the various

6    schedule of our witnesses and asked me to contact Ms.

7    Harris-Lindsey and find mutually convenient dates and

8    propose them to him.

9          I did call Ms. Harris-Lindsey.    I left a

10   message for her on her voicemail.  She did not return

11   the call.

12         Before I had a chance to follow-up with her,

13   I received a new hearing notice, indicating that my

14   motion to continue the case had been granted on

15   November 15, a week after my telephone call with Mr.

16   Woods, and that the matter was scheduled for today,

17   November 28, at 11:00 a.m.

18         I inferred from that that whatever the

19   problem was with Ms. Harris-Lindsey's schedule, it

20   had been addressed, that either she was going to be

21   available or that someone else had been assigned to

22   take the case.

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr

11

1    So I ceased trying to contact her to discuss

2    dates.    Instead, I prepared for the hearing and I

3    lined up all my witnesses, who were all ready,

4    willing and able to testify today, and I served my

5    five-day disclosures on November 18, with a prominent

6    note at the start of the disclosure letter that these

7    disclosures were being made for a hearing being

8    scheduled on November 28.

9        I received no five-day disclosures from Ms.

10   Harris-Lindsey.    I received no phone call from her or

11   from anyone else in the General Counsel's office

12   indicating that there was a problem with November 28.

13       I received no request to continue today's

14   date, and, therefore, we have all showed up today.

15   And based on the enormous and continuing problems we

16   have had with scheduling this hearing and the

17   tremendous inconvenience both to my clients and to

18   the witnesses, who are in three different locations,

19   waiting to testify or were, until we called them up

20   a few minutes ago, we would like the case to go

21   forward today.

22       HEARING OFFICER SMITH:    Okay.    Let me pass

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr                                                                      12

1  this around.  That is the sign-in sheet.  That is the

2  one you had before.

3          What I want to do, you don't have to be

4  available, but tomorrow, I hope--I am going to keep

5  checking with the Office of General Counsel about Ms.

6  Lindsey, when she is back, and once they tell me when

7  she is, I will confirm with your office.  I will just

8  leave a message, if you are not there, tomorrow about

9  the--

10          MS. SAVIT:  Right.  I am going to be in a

11  meeting tomorrow.

12          HEARING OFFICER SMITH:  That is fine.  I

13  will just--

14          MS. SAVIT:  Well, you can always call Ms.

15  Loretta Garcia, if necessary.  You will be in the

16  office, right?

17          MS. GARCIA:  Yes.

18          HEARING OFFICER SMITH:  Okay.  Once I speak

19  with her, just to make sure.

20          MS. SAVIT:  I am going to reserve the ninth

21  on my calendar, so I don't give it away to somebody

22  else in the meantime.

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr                                                                 13

1           HEARING OFFICER SMITH:  Well, I have already

2    reserved it in there.

3           MS. SAVIT:  Right.  But I am going to put it

4    on my calendar.

5           HEARING  OFFICER  SMITH:    If  something

6    happens, then that--but here a couple things I want

7    to do.  One, I will try to confirm with Ms. Lindsey

8    her availability for the conference call so that we

9    can get any of the procedural things out of the way.

10   If anyone has any kind of issue to address, we can do

11   that  conference  call;  so  that  when  we  have  the

12   hearing, we can just deal with the case.

13          A  couple  things  you  said.   Now,  Ms.  Vero

14   [ph] initially handled this case.

15          MS.  SAVIT:  Yes.   She  said  it  had  been

16   assigned  to  her  by  mistake,  that  she  only  handles

17   cases involving wards of the District of Columbia and

18   that she was not really sure why it had gotten to her

19   and  when  it  was  continued,  she  said  she  would  not

20   continue the case.

21          HEARING OFFICER SMITH:  Because since Ms.

22   Lindsey  wasn't  here,  I  didn't  know  who  else--I

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr                                                                14

1   couldn't get any information about who else might

2   handle the case.

3        MS. SAVIT:  She told us at that hearing that

4   she would not continue that case.  It was a mistake

5   and she didn't know why.

6        HEARING OFFICER SMITH:  Okay.  That takes

7   care of that, then.  When you said that, my antenna

8   went up that maybe I could do something.

9        So right now, we will have--I will contact

10  --I will just go ahead and call you, Ms. Garcia,

11  tomorrow and just let you know what is.  Hopefully,

12  she is back.  They couldn't tell me when she is

13  coming back.  So either tomorrow or Wednesday.  I

14  will not be here the first, as I said.

15       But we will just go ahead and have the

16  conference call tentatively set for the second at

17  3:00 p.m.

18       MS. SAVIT:  I want to just confirm that you

19  are ruling that testimony can be submitted by

20  affidavit.

21       HEARING OFFICER SMITH:  I will do that.

22       MS. SAVIT:  And that it comes in five days

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr                                                                    15

1   ahead.

2           HEARING OFFICER SMITH:   Yes.   I will do

3   that.   I don't know if I said it in my earlier

4   summary.

5           One of the things that I thought might be

6   good to expedite the hearing is that although live

7   witnesses, preferably, physically present, but by

8   rule, we accept testimony by telephone, but on

9   occasion, especially when there is a need for certain

10  witnesses who just can't be here, I have accepted

11  affidavit testimony.

12          It is not the best because you can't really

13  cross-examine it, but if it is confined to certain

14  narrow issues, then it is usually okay.

15          Usually, if it is from teachers about her

16  progress or lack thereof, those kinds of things, it

17  is okay.   It is good that you say the therapist will

18  be here, because that person has more of a broad

19  knowledge of the person.

20          MS. SAVIT:   I can also--we can put this in

21  the affidavits.   Both schools have extensive websites

22  where.   One can go and look and see what the schools

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr                                                                16

1   look like and what the programs are.

2          HEARING OFFICER SMITH:  Okay.

3          MS. SAVIT:  Which is also information that

4   is available.

5          HEARING OFFICER SMITH:  What I might

6   suggest, though, when you say that, is whatever they

7   want to attach to the affidavit about that supports

8   anything, such as any material, then that is fine,

9   too.

10         So what we will do is on the second, that

11  gives us seven days before the hearing, but that

12  still should be--one of the reasons I want to try to

13  talk to DCPS OGC tomorrow is to make sure that they

14  get their five days and don't have an issue with

15  that.

16         Now, this is kind of ex parte, but we are on

17  the record.  If there is something that you need

18  to--you know, the ninth is another five days, I mean,

19  five days before that, so if there is something else

20  to submit.

21         MS. SAVIT:  Right.  Well, we have actually

22  already exchanged five-day disclosures in advance of

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666

nr                                                                17

1   the September 14 hearing.

2           HEARING OFFICER SMITH:  Okay.

3           MS. SAVIT:  You've already got mine.

4           HEARING OFFICER SMITH:    There is nothing

5   else to submit?  I have a September 6.

6           MS. SAVIT:  Right.  Those are the five-day

7   disclosures for the September 14 hearing and as far

8   as documents go, we are standing on those.

9           I did make a change in my witness list,

10  because the witnesses that I am calling from the

11  school, I think, are different--from the school

12  N██████ attends now are different from the ones that

13  were in the original five-day disclosure, but that

14  has subsequently been disclosed.

15          HEARING OFFICER SMITH:  Okay.  Let me ask

16  you this.   I have a letter from DCPS, with one

17  student master record as their disclosure, dated

18  august 25.  Is that--

19          MS. SAVIT:  That is the only disclosure we

20  have ever gotten.

21          HEARING OFFICER SMITH:   That is the only

22  one.

MILLER REPORTING CO., INC.
735 8th STREET, S.E.
WASHINGTON, D.C.  20003-2802
(202) 546-6666