# *Exhibit 1*

# United States District Court
# for the District of Columbia

| | |
|---|---|
| **NATALIA GOMEZ**, *et al.,* | |
| **Plaintiffs** | |
| **v.** | **Civil Action No. 06-00312 (EGS)** |
| **CLIFFORD B. JANEY, Superintendent, District of Columbia Public Schools,** *et al.,* | |
| **Defendants** | |

## AFFIDAVIT

_____District of Columbia,                              ss:

Louis R. Steadwell, being first duly sworn, deposes and states as follows:

1.      I reside in the District of Columbia and have done so at all times relevant hereto. I am over 18 years old and am competent to provide testimony in a legal proceeding. I have no legal or pecuniary interest in this case, and make this affidavit solely to provide truthful information that may be relevant to the issues presented. All statements contained in this affidavit are made upon my personal knowledge.

2.      My daughter, Laura Swearingen Steadwell, attended District of Columbia public schools from 1986 through 1997, when we removed her because, beginning in eighth grade, she experienced a severe and precipitous decline in her academic performance that no one in the District of Columbia Public Schools ("DCPS") recognized as indicating potential emotional problems. A 1997 request that DCPS evaluate Laura for special education was ignored.

3.      Because DCPS was unresponsive and was doing nothing to help my daughter, my wife and I moved Laura to The Buxton School in Williamstown, Massachusetts for the 1997-98 school year, and requested a due process hearing to address DCPS's failure to process our request

for special education services. After acknowledging that it had not responded properly to us or to Laura, DCPS settled with us at the hearing, agreeing (among other things) to hold a multidisciplinary team/individualized education program ("MDT/IEP") meeting for Laura, and to issue either a notice of ineligibility for special education services or a notice of proposed placement by September 26, 1997.

4.     DCPS did not comply with the agreement and never completed the process to which it had agreed at the first due process hearing. As a result, my wife and I requested a second due process hearing, but were told that due to the backlog of cases in the Student Hearing Office, it was not clear when, if ever, the hearing could be held. We therefore filed suit against DCPS, on July 29, 1998, to enforce the agreement and to seek a placement for Laura at The Buxton School, where she made good academic progress and remediated many of the emotional problems that had led us to seek special education for her. The Buxton School provided the small classes, individualized attention and structure that had been missing in Laura's DCPS schools (specifically, Alice Deal Junior High School and Woodrow Wilson Senior High School). These, in turn, helped her overcome the emotional turmoil that had led to her academic problems, and allowed her to focus on school again. Our case was styled *Louis Steadwell, et al. v. District of Columbia, et al.,* Civil Action No. 98-1876 (CKK), and was filed in this Court.

5.     Shortly after the case was filed, Judge Kollar-Kotelly, to whom the case was assigned, referred us to mediation. As a result of that referral, we eventually settled the case in May 1999, on essentially the following terms:

a.     DCPS agreed to pay my wife and me $57,009.28 to reimburse us for the cost of providing special education, related services and evaluations for Laura in connection with her attendance at The Buxton School;

2

      b.     DCPS accepted The Buxton School as Laura's special education placement, and agreed to keep her there for the 1999-00 school year, her senior year of high school;

      c.     We waived our claims for prejudgment interest and damages;

      d.     We reserved the right to ask for an award of attorney's fees and costs (the Court eventually granted that request).

A copy of our attorney's letter to DCPS's lawyer, confirming the terms of the settlement, is attached as Exhibit A to this affidavit.

6.     Laura remained at The Buxton School for the rest of her time in high school, funded by DCPS as a special education placement.

      I declare under penalty of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief.

Executed on:

6/28/2007

_____
Louis R. Steadwell

3

# *Exhibit 1A*

LAW OFFICES
# MENDELSOHN & SZYMKOWICZ
1233 - 20TH STREET, N.W.
SUITE 800
WASHINGTON, D.C. 20036-2396

FAX: (202) 331-7022
EMAIL: MAIL@MENDELAW.COM

ALLAN I. MENDELSOHN
DIRECT DIAL (202) 778-1233

MARVIN L. SZYMKOWICZ*
DIRECT DIAL (202) 778-1234

OF COUNSEL:
DIANA M. SAVIT*
DIRECT DIAL (202) 778-1238

*ALSO ADMITTED IN MARYLAND
WRITER'S EMAIL ADDRESS:
DSAVIT@MENDELAW.COM

May 26, 1999

**BY TELECOPIER**
Grace Perry-Gaiter, Esq.
Assistant Corporation Counsel, D.C.
Special Litigation Division
441 4th Street, N.W.
6th Floor
Washington, D.C. 20001

> Re:    Louis Steadwell, et al. v. District of Columbia, et al.
>        Civil Action No. 98-1876 (CKK) (AK)

Dear Grace:

This follows up on and confirms my earlier telephone message advising that my clients will settle this case on the terms we discussed yesterday. Those are:

1.    The District of Columbia Public Schools will pay my clients, Louis Steadwell and Christine Swearingen, the sum of $57,009.28 by August 6, 1999, subject to its receipt of documentation which supports the claim that my clients have incurred expenses in that amount in providing special education, related services and evaluations for Laura Swearingen Steadwell. If it will expedite processing, you may make the check payable to my law firm, which is already in DCPS's payment system.

2.    My clients will provide all of the supporting documentation as promptly as possible. They need some information from Buxton School, which is currently focusing on the end of the school year and therefore may not be able to respond to this request until next week.

3.    DCPS will maintain Laura's placement at Buxton for the 1999-00 school year, including assuming funding responsibility.

4.    Mr. Steadwell and Ms. Swearingen will drop their claims for prejudgment interest and general damages.

5.    Mr. Steadwell and Ms. Swearingen will retain the right to seek an award of the attorney's fees and costs incurred in pursuing Laura's special education rights and in bringing their

Grace Perry-Gaiter, Esq.
May 26, 1999
Page 2

lawsuit, and to submit additional reimbursement requests for special education expenses they have incurred on Laura's behalf that were not included in the initial disclosures filed April 14, 1999. In that regard, please advise whether requests for reimbursement for subsequent expenses should be submitted to you or to someone at DCPS (and, if so, whom).

6.    We will file a *praecipe* dismissing the case with prejudice as to all claims other than attorney's fees and costs, the right to reimbursement of subsequent expenses not encompassed by the lawsuit, and the right to enforce the agreement.

Please confirm that these terms are acceptable to DCPS. If they are, I shall prepare a *praecipe* of dismissal for our joint signatures and fax it to you for review.

Mr. Steadwell and Ms. Swearingen are agreeing to this settlement because it achieves two valuable results for them: prompt reimbursement and the end of significant outlays of tuition and other expenses. They recognize that if they continued to litigate, they probably would prevail but that in the interim they would be forced to pay for another year of Laura's education and then seek reimbursement for that as well. Because of this, prompt compliance with all aspects of the settlement–especially making appropriate arrangements for DCPS to assume financial and oversight responsibility for Laura's 1999-00 placement at Buxton–is critical. Please impress this upon your contacts at DCPS.

Thank you for working with me to achieve this amicable result.

Very truly yours,

Diana M. Savit

cc:    Louis Steadwell
       Christine Swearingen