United States District Court
for the District of Columbia

| | |
|---|---|
| **N.G.,** *et al.,*<br><br>           **Plaintiffs**<br><br>      v.<br><br>**MICHELLE RHEE,** *et al.,*<br><br>           **Defendants** | **Civil Action No. 06-00312 (EGS)** |

**PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

Plaintiffs N.G., Sylvian Correa and Manuel Gomez ( "plaintiffs") respectfully move the Court, pursuant to Fed. R. Civ. P. 52(d)(2)(B), to enter an order awarding them $38,550 in legal fees and $592.56 in expenses as prevailing parties in fee-shifting litigation brought against defendants Michelle Rhee, Chancellor of the District of Columbia Public Schools, and the District of Columbia (collectively, "the District").

The grounds for this motion are that plaintiffs are entitled to reasonable legal fees and expenses incurred in vindicating their rights pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.*, as is specifically provided by 20 U.S.C. §1415(3)(B)(i)(I). In its memorandum opinion of March 31, 2008, the Court found that plaintiffs were prevailing parties in this litigation and directed their counsel to submit her request for legal fees and expenses.

Plaintiffs also ask the Court for leave to file a supplemental request for the fees and expenses incurred in litigating their fee request.

In support of this motion, plaintiffs respectfully refer the Court to the accompanying exhibits and memorandum of points and authorities.

/s/ *Diana M. Savit*

Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20815
(301) 951-9191
Email: dms@bowsslaw.com
Attorneys for plaintiffs

# United States District Court
# for the District of Columbia

| | |
|---|---|
| **N.G.,** *et al.,* <br><br> **Plaintiffs** <br><br> v. <br><br> **MICHELLE RHEE,** *et al.,* <br><br> **Defendants** | **Civil Action No. 06-00312 (EGS)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS**

Plaintiffs N.G., Sylvia Correa and Manuel Gomez ( "plaintiffs")  filed this action on February 22, 2006 to appeal from a special education hearing officer's determination ("HOD") issued January 23, 2006.  On March 1, 2007, this Court issued a memorandum opinion and order which decided in plaintiffs' favor every issue presented by the case except N.G.'s entitlement to relief under the Rehabilitation Act of 1973, 29 U.S.C. §701 *et seq.*  That question was mooted by the Court's finding that the District of Columbia Public Schools ("DCPS") had denied N.G. a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA"), and therefore the Court's March 1, 2008 decision was a complete vindication for plaintiffs.

The Court separately found that plaintiffs prevailed and, accordingly, that they are entitled to their reasonable attorney's fees and costs.  20 U.S.C. §1415(3)(B)(i)(I).  The Court directed plaintiffs to quantify their claim for fees and expenses, which they now do in this motion.

**ARGUMENT**

I.     **Plaintiffs are entitled to an award of their legal fees and costs**

In an action brought pursuant to IDEA, the Court, in its discretion, may award to a prevailing party who is the parent of a child with a disability reasonable attorney's fees as part of the costs to which that party is entitled.  20 U.S.C. §1415(3)(B)(i)(I).  A "prevailing party" is one who achieves judicially sanctioned relief, typically a change in its favor in its adversary's behavior. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health & Human Resources,* 532 U.S. 598 (2001).  Applying this standard, plaintiffs have prevailed, as the Court reversed the HOD, found N.G. eligible for special education under IDEA, and ordered DCPS to reimburse Ms. Correa and Mr. Gomez for expenses they incurred in providing special education services for N.G. after DCPS failed to do so.

II.    **The fees and expenses claimed are reasonable**

It is the Court's responsibility to determine what fee is reasonable. *Hensley v. Eckerhart,* 461 U.S. 424 (1983).  The inquiry usually starts with a determination of the lodestar; *i.e.,* the number of hours reasonably expended multiplied by a reasonable hourly rate. *Id., Laffey v. Northwest Airlines, Inc.,* 746 F.2$^d$ 4 (D.C. Cir. 1984).  The lodestar may then be adjusted to reflect particular circumstances of the case.  We respectfully submit that both the hourly rates claimed for the attorney who litigated this case, as well as the number of hours expended, are reasonable and that no downward adjustments are required.  Plaintiffs do not request an upward adjustment, although–as indicated below–they ask that the fees be awarded at their counsel's current hourly rate, rather than the discounted rate they were charged.

### A.    Hourly rates

As explained in some detail in Exhibit 1, the hourly rate requested for the lawyer who handled this matter is her current regular hourly rate, which represents the market rate for her services and which has been approved in the past by other courts. Furthermore, the rate charged in this representation is below the rate for comparable individuals reflected on the *Laffey* matrix maintained by the office of the United States Attorney for the District of Columbia. This matrix establishes presumptively reasonable rates in the District of Columbia for fee-shifting cases. *See Kister v. District of Columbia,* Civil Action No. 01-00807 (D.D.C., August 15, 2005) (RBW) (mem.)

Although plaintiffs actually were charged lower rates, their attorney is entitled to be compensated at her market rate. As explained in Exhibit 1, as a courtesy counsel has maintained throughout her representation of plaintiffs the hourly rate to which they first agreed when the representation began. As a further courtesy, this rate was discounted after the HOD issued, so that plaintiffs would not be discouraged from vindicating N.G.'s rights by high legal bills. This should not translate into a windfall to an adversary who is obligated to pay attorney's fees by statute, and who chose to defend an indefensible order. *See Laffey v. Northwest Airlines, Inc., supra* (public interest law firm which charged below-market rates entitled to fee award at market rates in fee-shifting litigation).

In light of this, the Court should approve the hourly rates charged by plaintiffs' counsel.

### B.    Number of hours expended

As indicated in Exhibit 1 and its accompanying attachments, 127.3 hours were expended in litigating this case, encompassing both the administrative proceedings and all matters before this

Court. Of these, 21.9 hours were not charged, making the total value of the fees claimed $36,800. We respectfully submit that this is a modest sum for all of the work that was done, including preparing for and then appearing on four separate days for portions of the administrative proceedings, then preparing a complaint, participating in mediation and litigating cross-motions for summary judgment. We therefore submit that the fees requested should be awarded in full.

### C.    Expenses

Plaintiffs separately incurred $592.56 in expenses in this litigation, all of which are detailed more fully in Exhibit 1 and its attachment, Exhibit 1B. We submit that all of these expenses were reasonable and should be paid.

### III.    Plaintiffs are entitled to submit a supplemental petition for their remaining legal fees and expenses

This motion seeks an award of only those legal fees and expenses incurred through March 31, 2008 and billed through April 2008. Additional work has been performed since then for which plaintiffs have not yet been billed, and further fees and expenses will be incurred in litigating this motion. We have estimated the April 2008 time at five hours, worth $1,750; however, this does not include fees and expenses yet to be incurred or not yet captured in the billing records. Plaintiffs therefore request the Court's permission to file a supplemental fee petition after the Court rules on this request. *See Sierra Club v. Environmental Protection Agency,* 248 U.S.App. D.C. 107, 769 F.2$^d$ 796 (1985) (court may award legal fees and expenses incurred in fee litigation)

**CONCLUSION**

For all the foregoing reasons, plaintiffs respectfully submit that their motion for an award of legal fees and expenses should be granted, and that they should be awarded $38,550 in legal fees and $592.56 in expenses, payable forthwith. In addition, Court should grant plaintiffs permission to file a supplemental petition seeking the fees and expenses they have incurred in this matter but which have not been billed to date.

/s/ *Diana M. Savit*

Diana M. Savit #244970
**SAVIT & SZYMKOWICZ, LLP**
7315 Wisconsin Avenue
Suite 601N
Bethesda, Maryland 20815
(301) 951-9191
dms@bowsslaw.com
Attorneys for plaintiffs